Ted and Debra **SCHEUFLER**, husband and wife; Paul and Elva Scheufler, husband and wife, Harvey **Wilhaus**; Alice M. **Richmond**; Janice **Allen**; Mabel V. **Colle Trust**; Kenneth D. and Eileen P. **Knapp**, husband and wife; Peirce Knapp Farms, Inc., by Walter C. Peirce, President; Donald and Sharon **Hubbard**, husband and wife; and Violet **Stockham**, Plaintiffs,

v.

**GENERAL HOST CORPORATION,**
a New York Corporation,
Defendant.

Civ. A. No. 91–1053–FGT.

United States District Court,
D. Kansas.

March 20, 1995.

---

and Elva Scheufler, Alice Richmond, Harvey Wilhaus, Janice Allen and Violet Stockham.

Allen G. Glendenning, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, KS, Deborah T. Carney, Carney Law Office, Golden, CO, for Floy H. Wilson.

Allen G. Glendenning, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, KS, Deborah T. Carney, Carney Law Offices, Golden, CO, H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, for Kenneth D. Knapp.

Casey R. Law, Bremyer & Wise, P.A., McPherson, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, KS, Deborah T. Carney, Carney Law Office, Golden, CO, H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, Kenneth E. Peirce, Turner & Boisseau, Chtd., Hutchinson, KS, for Eileen Knapp, Peirce Knapp Farms, Inc., Drake Knapp and Walter C. Peirce.

Fleeson, Gooing, Coulson & Kitch, L.L.C., Wichita, KS, William R. Sampson, Shook, Hardy & Bacon, Overland Park, KS, Rodney Zerbe, Thomas F. Munno, William F. Downey, Dechert, Price & Rhoads, New York City, for General Host Corp.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This is a nuisance action involving salt pollution to a fresh water aquifer underlying a mass of land that includes plaintiffs' properties. The alleged source of the salt pollution is the American Salt plant, currently owned by North American Salt Company and formerly owned by a wholly owned subsidiary of defendant, General Host Corporation. The matter is before the court on defendant's motion for summary judgment (Doc. 166).

### I. Facts

The court will attempt to be as brief as possible in its recitation of the facts relevant to this case. Anyone interested in more historical and background information concerning the salt pollution of the Cow Creek Aquifer is directed to the court's opinion in *Miller v. Cudahy*, 592 F.Supp. 976 (1984).

Casey R. Law, Bremyer & Wise, P.A., McPherson, KS, Deborah T. Carney, Carney Law Office, Golden, CO, H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, for Ted and Debra Scheufler, Mable V. Colle, Donald and Sharon Hubbard.

Casey R. Law, Bremyer & Wise, P.A., McPherson, KS, Allen G. Glendenning, Watkins, Calcara, Rondeau & Friedeman, P.A., Great Bend, KS, Deborah T. Carney, Carney Law Office, Golden, CO, H. Lee Turner, H. Lee Turner, P.A., Great Bend, KS, for Paul

The plaintiffs are all citizens of the State of Kansas. The plaintiffs are the owners of various parcels of real property located in Rice County, Kansas. Underlying plaintiffs' properties is the Cow Creek Aquifer. Defendant, General Host Corporation ("General Host"), is incorporated under the laws of the State of New York, and its principal place of business is located in the state of Michigan.

The American Salt plant, which was formerly owned by a wholly owned subsidiary of the defendant, is located in Rice County, Kansas. Throughout most of this century, operations of the American Salt plant caused salt and chloride pollution of the Cow Creek Aquifer, leaving its water unsuitable for domestic and irrigation uses. In 1977, several landowners brought suit, and this court, after a bench trial held in 1984, entered judgment in favor of the landowners. *Miller*, 592 F.Supp. 976. The judgment was affirmed on appeal. *Miller v. Cudahy*, 858 F.2d 1449 (10th Cir.1988), *cert. denied*, 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989).

Plaintiff Harvey Wilhaus was a party to the *Miller* case. His claim, however, was dismissed without prejudice because at that time, the water underlying his property had not been contaminated. The court recognized, however, that the water might become contaminated as the aquifer moved. As the water in the aquifer has moved downstream, other landowners have brought suit. This is the fourth lawsuit involving this salt pollution.

The parties agree that no legally significant salt pollution has resulted from the American Salt plant operations since at least February 1988. As a result of the *Miller* case, clean-up operations have been conducted under the direction of the Kansas Department of Health and Environment.

## II. Summary Judgment Standard

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The burden at the summary judgment stage is similar to the burden of proof at trial. The court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claim(s). Rule 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment, the nonmoving party may not rest upon mere allegations or denials, but must set forth specific facts showing a genuine issue for trial, relying upon the types of evidentiary materials contemplated by Rule 56. Fed.R.Civ.P. 56(e). Each party must demonstrate to the court the existence of contested facts on each claim it will have to prove at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden the party will face at trial on the particular claim. *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2513.

## III. Defendant's Motion for Summary Judgment

Defendant seeks summary judgment on several grounds. Defendant first argues

that some of the plaintiffs' properties are not contaminated. Second, defendant argues that as to the properties of Kenneth and Eileen Knapp, any salt pollution is caused by oil drilling operations and not by the operation of the American Salt plant. Third, defendant argues that under Kansas law, plaintiffs have no right to use the groundwater beneath their properties. Fourth, defendant argues that there is no evidence of continuing acts of pollution to support a claim for continuing abatable nuisance. Defendant's fifth argument is that Count II of the Complaint does not state a claim separate from Count I. Sixth, defendant argues that the Court should grant summary judgment on the plaintiffs' claim for interference with water rights because the claim is inconsistent with plaintiffs' nuisance claim. Finally, defendant argues that it is entitled to summary judgment on plaintiffs' tort of outrage claim.

As to defendant's first three arguments, there are genuine issues of material fact that prevent the court from granting summary judgment.

■ Defendant next argues that because it has not continued to pollute the aquifer with salt, it cannot be liable for continuing abatable nuisance. This argument is based on a misunderstanding of nuisance law. The defendant is not excused from any continuing damage it has caused to plaintiffs' properties merely because it has ceased the conduct by which it caused such damage.

■ In its fifth argument, defendant quarrels with the form of the Amended Complaint. The defendant correctly states that Count II does not state a separate cause of action. However, Count II states the allegations necessary to seek punitive damages. Similarly, regarding Count III, "interference with water rights," the plaintiffs do not state a separate cause of action, but this is an element of damages under the nuisance claim. The court thus rejects defendant's fifth and sixth arguments.

As for the tort of outrage claim, defendant contends that plaintiffs have failed to present any evidence of either outrageous conduct or severe emotional distress. Plaintiffs agree that they have not suffered severe emotional

distress and agree that summary judgment in favor of the defendant on this claim is appropriate. The court, therefore, grants defendant's motion as to Count IV of the Amended Complaint.

The court recently overruled plaintiffs' motion for summary judgment noting a number of areas of factual dispute which remain to be resolved. The court believes some of these issues can best be illuminated by the status conference followed by the settlement conference which were set by a separate order.

**IT IS BY THIS COURT THEREFORE ORDERED** that defendant's motion for dismissal or summary judgment (Doc. 166) is hereby granted in part and denied in part.